IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CATHERINE FANTAUZZO,  )
    Plaintiff,  )
                             )
              v.  )                 Civil Action No. 2:21CV4 (RCY)
                             )
TRISTAN SPERRY,  )
    Defendant.  )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Objections to Magistrate Judge's Opinion and Order (ECF No. 32). The matter has been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court OVERRULES Defendant's objections.

### I. BACKGROUND AND PROCEDURAL HISTORY

On September 17, 2021, Tristan Sperry ("Defendant") filed a Motion to Exclude Plaintiff's Medical Experts, Charles E. Shuff, M.D. and Martin V.T. Ton, MD ("Motion to Exclude") and a Brief in Support (ECF Nos. 24, 25). On September 28, 2021, Catherine Fantauzzo ("Plaintiff") filed an Opposition to Defendant's Motion to Exclude Plaintiff's Medical Experts (ECF No. 26). On October 1, 2021, Defendant filed a Reply (ECF No. 27). On November 10, 2021, Magistrate Judge Miller denied Defendant's Motion to Exclude (ECF No. 31). In his November 10, 2021, Opinion and Order denying Defendant's Motion to Exclude, Magistrate Judge Miller succinctly summarized the factual background of this case as follows:

> On January 2, 2019, Sperry and Fantauzzo were involved in a rear-end vehicle collision ("the MVA"). Am. Compl. ¶¶ 4-5 (ECF No. 13, at 1). The only contested issues in the case are causation and damages. See Def.'s Br. (ECF No. 25, at 1).

1

> Fantauzzo alleges that the MVA aggravated underlying conditions and injured her lumbar spine, for which she thereafter needed surgery and associated pain management treatment. Pl.'s Opp'n (ECF 26-1, at 1-2). In her discovery responses, Plaintiff identified Dr. Shuff and Dr. Ton as treating physicians who, through "the ordinary course" of treating Fantauzzo, developed opinions that the MVA caused her injuries. Pl.'s Answers to Def.'s Interrogs. (ECF No. 25-1, at 3) ("Interrog. Ans."); see also id. ¶¶ (l); (m) (ECF No. 25-1, at 5-7, 7-9). Sperry disputes the reliability of this causation testimony, and to some degree Plaintiff's compliance with the Rule 26(a)(2) disclosure requirements. Def.'s Br. (ECF No. 25, at 2).

(Op. Order at 1-2, ECF No. 31.)[1] In response to the denial, on November 24, 2021, Defendant filed Objections to the Magistrate Judge's Opinion and Order (ECF No. 32). On December 21, 2021, Plaintiff filed a Brief in Opposition to Defendant's Objection to Magistrate Judge's Opinion and Order (ECF No. 35). On December 27, 2021, Defendant filed a Reply (ECF No. 36).

## II. STANDARD OF REVIEW

### A. Review of Non-Dispositive Pretrial Orders

Rule 72(a) of the Federal Rules of Civil Procedure provides that a "district judge may modify or set aside any portion of a magistrate judge's decision only if it is 'clearly erroneous or contrary to law.'" *Trans-Radial Sols., LLC v. Burlington Med., LLC*, No. 2:18-CV-656, 2020 WL 4231577, at *1 (E.D. Va. July 23, 2020) (quoting Fed. R. Civ. P. 72(a)). "An order is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Further, "the 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but 'the decisions of a magistrate judge concerning discovery disputes . . . should be afforded great deference.'" *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, No. 19-CV-505, 2020 WL 2738381, at *1 (E.D.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

Va. Jan. 29, 2020) (quoting *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 629 (E.D. Va. 2012)) (quotations omitted).  "Clearly erroneous and contrary to law are not synonymous; a reviewing court reviews 'the factual portions of [a] Magistrate Judge's order under the clearly erroneous standard,' but reviews 'legal conclusions to determine if they are contrary to law." *Robles v. United States*, No. 2:19CV111, 2020 WL 8254267, at *2 (E.D. Va. Oct. 15, 2020) (citing *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014)). Generally, "altering a magistrate judge's non-dispositive orders is extremely difficult to justify." *Advanced Training Grp.*, 2020 WL 2738381, at *1 (quoting *CertusView Techs., LLC v. S & N Locating Servs., LLC*, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015)).

### B. Expert Witness Standard

Under Rule 702 of the Federal Rules of Evidence, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  "In considering the admissibility of expert testimony, a district court acts as a gatekeeper and must assess whether an expert's proffered testimony is both sufficiently reliable and relevant." *Peters-Martin v. Navistar Int'l Transp. Corp.*, 410 F. App'x 612, 617 (4th Cir. 2011). Thus, expert testimony is admissible under Rule 702 "if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve

a fact at issue." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993)). The first prong requires "an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable—that is, whether it is supported by adequate validation to render it trustworthy." *Id.* The second prong "requires an analysis of whether the opinion is relevant to the facts at issue." *Id.* at 216.

## III. ANALYSIS

Defendant objects to two findings and opinions in the November 10, 2021 Opinion and Order. First, Defendant objects to the Magistrate Judge's conclusion that "Dr. Shuff's and Dr. Ton's opinions are sufficiently reliable under *Daubert* and federal rule of evidence 702 because their deposition testimony adequately supported the disclosed opinions." (Def.'s Obj. at 16 (citing Op. Order at 14-17).) Second, Defendant objects to the Magistrate Judge's conclusion that "[n]o expert reports are required from Dr. Ton and Dr. Shuff as treating physicians." (*Id.* (citing Op. Order at 9-14).) The Court will review each of these objections in turn.

### A. The Magistrate Judge Correctly Concluded that Dr. Shuff's and Dr. Ton's Opinions Are Sufficiently Reliable under *Daubert* and Federal Rule of Evidence 702

The Magistrate Judge's November 10, 2021 Opinion and Order found that Plaintiff had met her burden to show that Dr. Ton's and Dr. Shuff's causation opinions were sufficiently reliable such that they should not be excluded under *Daubert* and Rule 702. (Op. Order at 14.) Chiefly, Judge Miller found that both doctors are well qualified in their specialties and that a treating physician's causation opinion is not unreliable under Rule 702 merely because the opinion was first articulated during litigation. (*Id.* at 14-15.) Defendant argues that Dr. Shuff's and Dr. Ton's proffered causation opinions are unreliable under *Daubert* and Rule 702. (Def.'s Obj. at 17.) Defendant argues that the doctors' proposed testimonies would require the Court and the jury to

engage in speculation and conjecture as to whether Plaintiff's post-accident symptoms and medical treatment involved long-term pre-existing arthritis and degenerative disease in Plaintiff's lumbar spine as opposed to an acute injury or aggravation caused by the accident. (*Id.*)  Defendant avers that Plaintiff's self-report to the doctors that she was involved in a car accident prior to their first encounter is an insufficient basis to form a reliable opinion regarding the cause of Plaintiff's alleged injuries. (*Id.* at 20, 22.)  Defendant asserts that the doctors admit that they never evaluated or assessed Plaintiff's self-report that the accident was the culprit, nor did they form an opinion during the ordinary course of treatment as to whether there was any causal relationship between the accident and Plaintiff's symptoms. (*Id.* at 20.)

Plaintiff argues that Defendant's position has been to take the treatment records of both doctors out of context and conflate those records with "legal opinions." (Pl.'s Resp. at 3.)  Plaintiff avers that both doctors were of the legal opinion that the motor vehicle collision caused an aggravation of Plaintiff's pre-existing age-related changes of her spine. (*Id.* at 5.)  Plaintiff argues that contrary to Defendant's claims, both doctors base their opinions on the history, examinations, diagnostic studies and findings, and diagnostic treatment as well as their knowledge and expertise in treating Plaintiff. (*Id.* at 12.)

After consideration, the Court agrees with the Magistrate Judge's conclusion that the doctors' opinions are sufficiently reliable under *Daubert* and Rule 702.  To establish reliability, "district courts must ensure that an expert's opinion is 'based on scientific, technical, or other specialized knowledge and not on belief or speculation.'" *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (quoting *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)). Further, "to the extent an expert makes inferences based on the facts presented to him, the court must ensure that those inferences were 'derived using scientific or other valid methods.'" *Id.*

In *Sardis*—a case cited frequently by Defendant in his objections—the Fourth Circuit found that the district court had abused its discretion when it failed to perform any *Daubert* analysis. *Id.* The Court in *Sardis* then determined that the retained expert at issue was unreliable because none of the *Daubert* hallmarks of reliability were present in the expert's testimony.[2] *Id.* at 295. Overall, the Fourth Circuit found that the expert "simply offered only his *ipse dixit* in support of his opinions," the "hallmark of an unreliable opinion." *Id.* at 296. However, here, the facts stand in contrast to the facts in *Sardis*.

Here, the doctors are not retained experts; they are treating physicians. *Perkins v. United States*, 626 F. Supp. 2d 587, 590 (E.D. Va. 2009) ("In general, a treating physician is not a specially retained expert."). As such, admissibility of the doctors' opinions depends on whether their opinions are based on their treatment of the Plaintiff. *Wickersham v. Ford Motor Co.*, No. 9:13-CV-1192, 2016 WL 5349093, at *3 (D.S.C. Sept. 26, 2016). As explained in the November 10, 2021, Order and Opinion, neither doctor in this case demonstrates "exclusive reliance" on Plaintiff's self-report. (Op. Order at 15.) Instead, both doctors base their opinions on Plaintiff's medical history and symptoms, all observed during the treatment of Plaintiff—not belief or speculation. (*See* Shuff Dep. at 75:11-13, ECF No. 25-2 ("Regardless of my record assessment, the opinion I have is based on temporal association, with symptoms, clinical complaints."); Ton Dep. at 43:22-25, ECF No. 25-3 ("[I]f I was asked about causation, it would be based upon what she told me and the findings, the diagnostic findings at the time that I saw her and during my treatment.")). Further, the November 10, 2021, Opinion and Order adequately addressed Defendant's claim that the doctors never formed an opinion regarding causation during the

---

[2] Specifically, the expert did not utilize any specific methodology which meant that his theories could not be subject to peer review, there was no existing literature on the subject matter of his testimony, and he presented no data or facts to support his conclusion. *Id*. at 296.

ordinary course of Plaintiff's treatment.  As explained by the Magistrate Judge, the court in

*Wickersham* admitted the treating physician's testimony in analogous circumstances. (Op. Order

at 15.)  In *Wickersham*, when discussing the reliability of a treating physician's testimony, the

court explained that "[a]n opinion is 'based on' treatment where the physician acquires the

information used in forming the opinion through treatment." *Wickersham*, 2016 WL 5349093 at

*3. The court found that the physician "possessed most, if not all, of the information she used to

develop her causation opinions at the time of Wickersham's treatment, well before [the] litigation

arose." *Id*. at *8.  Similarly, here, the doctors' opinions regarding causation stem from information

acquired while treating Plaintiff, well before the litigation at hand arose. Accordingly, the doctors'

opinions are indeed "based on" treatment and possess sufficient indicia of reliability. Therefore,

the Magistrate Judge's finding that the doctors' causation opinions are sufficiently reliable is not

clearly erroneous or contrary to law, and the Court will overrule Defendant's objection as to this

issue.

### B. The Magistrate Judge Correctly Concluded that no Expert Reports Are Required from Dr. Ton and Dr. Shuff as Treating Physicians

Defendant argues that the timing of the doctors' causation opinions and the additional

records from other providers given to each doctor before their depositions transform the doctors

from treating physicians to retained experts. (Def.'s Obj. at 22-23.)  Defendant argues that due to

this alleged transformation, an expert report is required with respect to any opinion that the

accident caused injury or aggravated a preexisting injury. (*Id.* at 24.)  These contentions are

meritless because, as discussed above, the doctors' causation opinions were formed based on

information and observations attained during the course of Plaintiff's treatment. As such, no expert

reports are required from the doctors as treating physicians. *Kobe v. Haley*, No. 3:11-cv-1146,

2013 WL 4067921, at *3 (D.S.C. Aug. 12, 2013) ("[I]f a physician's opinion regarding causation

or any other matter was formed and based on observations made during the course of treatment, then no Subsection B report is required."); *Wickersham*, 2016 WL 5349093, at *3 ("The fact that an opinion is 'beyond' a physician's treatment, inasmuch as it is not an opinion the physician is required to make in the course of treatment, does not mean it was not based on observations made during the course of treatment.").

Further, the additional documents provided to the doctors are insufficient to transform the doctors into retained experts. First, Dr. Ton confirmed during his deposition that his causation opinion was not based on the records provided by Plaintiff's counsel. (Ton Dep. at 43:16-44:21.) To the contrary, Dr. Ton explained that the documents provided gave him "information to determine whether or not [Plaintiff] had a preexisting issue that was either similar or dissimilar to the ones that she presented [] in February 2019," and that nothing prior to when he saw her could affect his opinion about causation of injury in February of 2019. (*Id.* at 44:1-10.)  Secondly, Dr. Shuff explicitly stated that his opinion was "based on temporal association, with symptoms, clinical complaints." (Shuff Dep. at 75:8-13.)  Defense counsel has failed to establish that either doctor based his causation opinion on the additional records from other providers. *Garris v. 933387 Ontario Ltd.*, No. 5:17-CV-38, 2018 WL 6272906, at *1 (W.D. Va. Nov. 30, 2018) ("An opinion *based* on information gained outside of treatment must be offered by an expert witness, not a treating physician.") (emphasis added).  The Magistrate Judge correctly determined that the doctors are treating physicians who did not base their causation opinions on the documents provided by Plaintiff. Indeed, the doctors formed their causation opinions using information gathered during the course of treating Plaintiff. Accordingly, the doctors are not required to submit expert reports, and the Magistrate Judge's ruling as to this issue was not clearly erroneous or contrary to law. *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995) ("If a treating physician forms

an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B).")

## IV. CONCLUSION

For the forgoing reasons, the Court will overrule Defendant's Objections to Magistrate Judge's Opinion and Order.

An appropriate Order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: May 13, 2022